UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-1729 (EGS) |
| ) | Document No.   10 |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges the Bureau of Prisons' ("BOP") response to his request dated May 1, 2004, for a copy of the "transfer package" prepared for his transfer from the Federal Prison Camp in Marion, Illinois, to the Federal Correctional Institution in Forrest City, Arkansas. Complaint, Ex. A.  BOP located 13 responsive records.  By letter dated September 23, 2004, it released three pages in their entirety and ten pages with redactions, and advised plaintiff about his right to appeal to the Office of Information and Privacy within 60 days.  Before the Court is defendants' motion to dismiss or for summary judgment.  Upon consideration of the motion, plaintiff's opposition, and the entire record, the Court will grant defendants' motion for summary judgment.[1]

---

[1]   The Court is relying on matters beyond the pleadings and therefore will review the motion under the standards for summary judgment.  Summary judgment should be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the nonmovant, that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Greene v. Dalton,* 164 F.3d 671, 674 (D.C. Cir. 1999).  The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but  . . . must set

2

Defendants seek dismissal of the complaint on the ground that plaintiff has not exhausted his administrative remedies by appealing the agency's determination as he was so advised in the September 23 letter.[2] *See* Deft's Ex. C. The District of Columbia Circuit has interpreted the exhaustion provisions of the FOIA as "requiring the completion of the administrative appeal process before courts become involved, if the agency has responded to the request before suit is filed." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 65 (D.C. Cir. 1990). While exhaustion is not jurisdictional, "as a jurisprudential doctrine, failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance. *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003). Because BOP responded to plaintiff's request before he filed this complaint on October 12, 2004, plaintiff was required to exhaust his administrative remedies. The Court therefore grants defendants' motion for summary judgment. A separate Order accompanies this Memorandum.

SIGNED:   EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE: September 12, 2005

---

forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288 (1968)). All reasonable inferences from the facts must be drawn in favor of the nonmoving party. *Id*. at 255.

[2]   Defendants also assert that dismissal is warranted because they produced the requested records. They have neither produced all responsive records nor proffered any evidence to justify their release of redacted records. The Court therefore has no basis to consider the motion as it pertains to the merits of the complaint